F I L E D
CLERK, U.S. DISTRICT COURT

3/30/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____TV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAKE K. SEYSYAN,<br><br>    Defendant. | CR 2:23-cr-00152-JFW<br><br>I N D I C T M E N T<br><br>[26 U.S.C. § 7202: Willful Failure to Pay Over Employment Taxes] |

The Grand Jury charges:

### COUNTS ONE AND TWO
### [26 U.S.C. § 7202; 18 U.S.C. § 2(b)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

Defendant and Med-Life Ambulance Services, Inc.

1.   Defendant SHAKE K. SEYSYAN resided in Burbank, California.

2.   Med-Life Ambulance Services, Inc. ("Med-Life") was a corporation engaged in the business of providing ambulance services in Los Angeles and Orange Counties, with its principal place of business in Los Angeles, California.

3. Defendant SEYSYAN was the Chief Executive Officer, Secretary, Chief Financial Officer, and President of Med-Life.

4. Med-Life maintained two corporate bank accounts at Bank of America, ending 8678 and 8758. Defendant SEYSYAN had signature authority over Med-Life's bank accounts.

Federal Payroll Taxes

5. The Internal Revenue Service ("IRS") was an agency within the Department of the Treasury of the United States and was responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States.

6. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers were required to withhold amounts from their employees' gross pay including federal income taxes and Social Security and Medicare taxes imposed by the Federal Insurance Contribution Act ("FICA") (commonly referred to collectively as "trust fund taxes" because of the provision in the Internal Revenue Code requiring that such taxes "shall be held in a special fund in trust for the United States" until paid over to the United States). Employers were required to remit these withheld trust fund amounts to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

7. Employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter.

8.  Collectively, the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer were commonly referred to as "employment taxes."

9.  Med-Life was required to withhold trust fund taxes from the wages paid to its employees, and to pay over the withheld amounts to the IRS.  Med-Life was also required to file, one month after the conclusion of each calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth for the quarter the total amount of wages and other compensation subject to withholding paid by Med-Life, the total amount of income tax withheld, the total amount of Social Security and Medicare taxes (i.e., FICA taxes) due, and the total federal tax deposits.

10.  Beginning no later than 2007 and continuing through at least 2017, defendant SEYSYAN exercised control over Med-Life's financial affairs by, among other acts, approving, signing, and directing checks and other payments issued from the corporate bank accounts over which she had signature authority, and thus was a "responsible person" required to collect, truthfully account for on quarterly Forms 941, and pay over to the IRS on behalf of Med-Life the trust fund taxes that Med-Life withheld from its employees' paychecks.

B.  FAILURE TO PAY OVER PAYROLL TAXES

11.  Beginning in or about March 2016 and continuing until at least November 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant SEYSYAN, a responsible person of Med-Life, willfully failed and willfully caused Med-Life to fail to pay over to the United States, namely, the IRS,

all of the trust fund taxes that Med-Life withheld from Med-Life employees' total taxable wages, which were due and owing to the United States by the dates set forth below, for each of the following calendar year quarters:

| Count | Quarter/Year | Due Date of Form 941 | Approximate Trust Fund Taxes Due and Owing |
|---|---|---|---|
| ONE | First Quarter of 2016 | April 30, 2016 | $104,598.53 |
| TWO | Fourth Quarter of 2016 | January 31, 2017 | $173,270.01 |

A TRUE BILL

     /s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section

VALERIE L. MAKAREWICZ
Assistant United States Attorney
Major Frauds Section